JOSEPH REAGAN *et al.*, plaintiffs in error, *vs.* WILLIAM GALLOWAY, defendant in error.

Where the failure of title, set up as a breach of warranty in defense to a suit for the purchase money of land, was the result of the act of the defendants, a verdict for the plaintiff will not be interfered with.

New trial. Warranty. Before Judge HALL. Rockdale Superior Court. February Adjourned Term, 1873.

For the facts of this case, see the decision.

CLARK & PACE; PEEPLES & HOWELL, for plaintiffs in error.

J. J. FLOYD, for defendant.

Reagan *et al. vs.* Galloway.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants, to recover the sum of $500 00, the same being the balance due the plaintiff for a tract of land in Rockdale county. On the trial of the case, the jury found a verdict for the plaintiff, whereupon the defendants made a motion for a new trial on the several grounds stated therein, which was overruled, and the defendants excepted.

It appears from the evidence in the record that the plaintiff sold the tract of land to Stewart for the purpose of erecting a distillery thereon. Stewart paid $500 00, one-half of the purchase money, and gave plaintiff his note for $500 00, the plaintiff giving Stewart his bond to make him a title to the land when the note was paid. A short time before the note became due, Reagan, one of the defendants, stated to plaintiff that they had bought an interest in the land and distillery from Stewart, and proposed to the plaintiff, as a matter of accommodation to them, that he should take their note in the place of Stewart's note for the balance of the unpaid purchase money due for the land, and make them a deed to the land instead of Stewart. Plaintiff, with Stewart's assent, consented to this arrangement, made a warranty deed to the defendants for the land, Stewart giving up to plaintiff his bond, and offered to Reagan, Stewart's note, when he said, "hold that note until Webb comes up in a few days and we will give you our note," which they have not done, or paid for the land. At the time of this transaction the defendants were in possession of the land and distillery, and had been for some time previous thereto, and continued in possession thereof until the same was sold, as hereinafter stated. The defendants pleaded in defense of the plaintiff's action a breach of the warranty of title to the land contained in the plaintiff's deed to them. It appears in the record that after the sale of the land to Stewart, to-wit: on the 7th of June, 1869, the plaintiff executed under his hand and seal an instrument in writing granting his consent to Parr to erect and carry on a distillery on the land, re-

Reagan *et al. vs.* Galloway.

citing therein that it was the land which he had sold to Parr and Stewart, on the 10th day of October, 1868, and that it should be subject to the revenue laws of the United States for taxes and penalties which shall have priority of any claim of mine.   In case of the forfeiture of the distillery premises, or any part thereof, the title to said land shall vest in the United States, discharged from any claim I have on said land. This instrument was recorded 16th August, 1869.   The deed of plaintiff to defendants was executed on the 13th of November thereafter.   There is some conflict in the evidence as to whether the defendants had actual notice of this instrument, independent of its being recorded at the time of the execution of the warranty deed to them by the plaintiff.   The distillers in possession of the land failed to pay the revenue tax due the United States, and the land was sold for the payment thereof, and the question is, whether the defendants, under the facts of the case, can plead the same as a breach of the plaintiff's warranty of title to the land in bar of his right to recover the balance of the purchase money for the land due by them therefor.

There is no pretense that the plaintiff did not have a good title to the land when he sold to Stewart, but it is said he created a lien upon it by the instrument executed on the 7th June, 1869.   By that instrument, he consented for the distillery to be created on the land, waived the priority of *his* claim, and consented that the title to the land should vest in the United States, discharged from any claim which *he* might have upon the land, in case of the forfeiture of the distilling premises, under the revenue laws of the United States for taxes and penalties.

There was no *lien* created on the land by any *act* of the plaintiff; that instrument never would have created a lien on the land without something more, and what was that?   The failure to pay the revenue tax to the government for carrying on the distillery on the land.   Whose act was that?   It was the act of the defendants and their associates, who were in possession thereof.   The evidence shows that the defendants

were in the possession of the land and distillery for some time before the deed was made by the plaintiff to them, and continued in possession until the land was sold. It was their act in failing to pay the revenue tax that created a lien on the land and caused it to be sold. If they had performed their duty in that respect, the instrument executed by the plaintiff would not have done them any harm, or have interfered with their title to the land. The instrument executed by the plaintiff on the 7th of June, 1869, did not create any lien on the land, but the failure of the defendants, who were in possession of it, carrying on a distillery, did, by failing to pay the revenue tax, and this lien was created by their own act, after the execution of the plaintiff's warranty deed of the land to them, consequently, they cannot set up their own wrongful act subsequent to the making of the warranty deed to them by the plaintiff, which created the lien under the revenue laws of the United States, by which the land was sold, as a breach of the plaintiff's warranty of his title to the land, so as to avoid the payment of the balance of the purchase money due by them to the plaintiff therefor. To allow them to do so, under the facts disclosed by the record in this case, would be contrary to the plain principles of justice, equity and fair dealing. We find no error in the charge of the Court to the jury, in view of the facts disclosed in the record. The verdict rendered by the jury did substantial justice between the parties, and we will not disturb it.

Let the judgment of the Court below be affirmed.